## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **SHAWN GRIFFITH,** Individually and on behalf of all other persons similarly situated,<br><br>           Plaintiff,<br><br>v.<br><br>**CVS CAREMARK CORPORATION,** and **MASSACHUSETTS CVS PHARMACY, LLC,**<br><br>           Defendants. | Civil Action No._____<br><br>**COLLECTIVE action complaint AND DEMAND FOR JURY TRIAL** |

This action is brought on behalf of all assistant managers employed by Defendants CVS CAREMARK CORPORATION and MASSACHUSETTS CVS PHARMACY, L.L.C. (hereafter collectively "CVS" or "Defendants"). Defendants have misclassified Plaintiff SHAWN GRIFFITH ("Plaintiff") and other similarly situated employees as exempt under federal and state overtime laws and failed to pay them for all hours worked by them as well as overtime pay for hours above 40 in a workweek.

### NATURE OF THE ACTION

1.     Plaintiff alleges on behalf of himself and other similarly situated current and former assistant store managers of the Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b) (the "Collective Action Class"), that they are: (i) entitled to unpaid wages from Defendants for all hours worked by them including overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

2.     Plaintiff further complains, pursuant to Fed.R.Civ.P. 23, on behalf of himself and a class of other similarly situated current and former assistant store managers of the Defendants employed within the State of Massachusetts (the "Massachusetts Labor

Law Class"), that they are entitled to back wages from Defendants for all hours worked by them, overtime work for which they did not receive overtime premium pay, and an award of treble damages plus the cost of litigation and reasonable attorneys fees as required by Massachusetts Labor Law, M.G.L. c. 149, §§ 148,150 and M.G.L. c. 151, § 1A.

## JURISDICTION AND VENUE

3.      Jurisdiction over Plaintiff's FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.      This Court has jurisdiction over Plaintiff's state law claims pursuant to pursuant to 28 U.S.C. § 1332(d)(2)(A), the Class Action Fairness Act ("CAFA"). The parties are diverse and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

5.      Upon information and belief, at least one member of the proposed class is a citizen of a state different from that of the Defendants.

6.      Plaintiff's claims involve matters of national or interstate interest.

7.      Defendants are subject to personal jurisdiction in Massachusetts.

8.      This Court also has jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367, since it is so related to his FLSA claim that it forms part of the same case or controversy.

9.      Venue is proper in this district pursuant to 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to the claims occurred in this District.

10.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

11.     Plaintiff was, at all relevant times, an adult individual residing in Fitchburg, Massachusetts. Starting in or about May 2007 through August 2009, Plaintiff was employed by Defendants as an assistant store manager in its stores located in Fitchburg, Massachusetts.

12.     Defendant CVS CAREMARK CORPORATION (hereafter "CVS Caremark") is a Delaware corporation, with its principal place of business at One CVS Drive, Woonsocket, Rhode Island. Directly or through wholly-owned subsidiaries that act under its direction and control of the CVS Caremark is, as it stated in its most recently filed Securities & Exchange Commission 10-K filing:

> the largest provider of prescriptions and related healthcare services in the United States. We fill or manage more than one billion prescriptions annually. As a fully integrated pharmacy services company, we drive value for our customers by effectively managing pharmaceutical costs and improving healthcare outcomes through our approximately 6,900 CVS/pharmacy® and Longs Drug® retail stores;

The CVS Caremark retail stores, such as the one at which Plaintiff worked, is part of CVS Caremark's Retail Pharmacy Segment, described in CVS Caremark's SEC filing as follows:

> As of December 31, 2008, the Retail Pharmacy Segment included 6,923 retail drugstores, of which 6,857 operated a pharmacy, our online retail website, CVS.com ® and our retail healthcare clinics. The retail drugstores are located in 41 states and the District of Columbia operating primarily under the CVS/pharmacy® or Longs Drug® names. We currently operate in 89 of the top 100 U.S. drugstore markets and hold the number one or number two market share in 60 of these markets. Overall, we hold the number

one or number two market share position in 67% of the markets in which our retail drugstores operate.

13.     Defendant MASSACHUSETTS CVS PHARMACY, L.L.C. (hereafter "Massachusetts CVS") is, upon information and belief, a Massachusetts limited liability corporation, with its place of business at One CVS Drive, Woonsocket, Rhode Island and is a wholly-owned subsidiary of CVS Caremark and is operated under the direction and control of CVS Caremark.

## COLLECTIVE ACTION ALLEGATIONS

14.     Pursuant to 29 U.S.C. §216(b), Plaintiff seeks to prosecute his FLSA claim as a collective action on behalf of all persons who are or were formerly employed by Defendants as assistant store managers in the United States at any time from January 25, 2007 until the entry of judgment in this case (hereafter "Collective Action Period"). These individuals are referred to herein as the "Collective Action Members."

15.     The Collective Action Members are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, there are several thousand Collective Action Members during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, and/or knowledge of their FLSA rights.

16.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress

4

for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

17.   Plaintiff and the Collective Action Members are similarly situated to each other, making collective action treatment of their FLSA claim proper. For example, common facts and questions of law are shared by Plaintiff and the Collective Action Members. For example, upon information and belief, Defendants engage in the common business practices of paying Plaintiff and the Collective Action Members a salary and classifying each and every one of them as exempt from the FLSA's requirement that employees receive overtime premium pay calculated at one-and-one-half their regular rate of pay for all hours worked in excess of forty (40) during the workweek. In addition, common questions include, *inter alia:*

> a.   whether the Defendants employed the Collective Action Members within the meaning of the FLSA;

> b.   whether Defendants engaged in the common business practice of classifying all assistant store managers as exempt from the FLSA's overtime pay requirement;

> c.   what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

> d.   whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiff and Collective Action Members are employed, in violation of 29 C.F.R. § 516.4;

> e.   whether Defendants failed to pay Plaintiff and the Collective Action Members for all hours worked and whether they

received any compensation for hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

      f.   whether Defendants' violations of the FLSA were willful as that term is used within the context of the FLSA;

      g.   whether Defendants are liable for all damages claimed hereunder, including but not limited to all statutory damages, including but not limed to compensatory and liquidated damages, interest, costs and disbursements, and attorneys' fees; and

      h.   whether Defendants should be enjoined from violating the FLSA in the future.

18.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

19.    Plaintiff sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

20.    Plaintiff brings his Massachusetts Labor Law claim on behalf of all persons who are or were employed by Defendants at any time since January 25, 2007 in the State of Massachusetts to the entry of judgment in this case (the "Class Period"), who held the position of assistant store manager who were non-exempt employees within the meaning of Massachusetts Labor Law and who have not been paid for all hours worked by them as well as overtime wages in violation of Massachusetts Labor Law (the "Class").

21.    The persons in the Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are at least 334 members of Class during the Class Period.

22.    The claims of Plaintiff are typical of the claims of the Class and a class action is superior to other available methods for the fair and efficient adjudication of the controversy -- particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a defendant.

23.    Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

24.    Plaintiff is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

25.    Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

26.    There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

a.   whether the Defendants employed the members of the Class within the meaning of Massachusetts Labor Law;

    b.   what proof of hours worked is sufficient where an employer fails in its

            duty to maintain time records;

    c.   whether Defendants failed and/or refused to pay the members of the

            Class for all of the hours worked by them, as well as premium pay for

            hours worked in excess of forty hours per workweek within the

            meaning of Massachusetts Labor Law;

    d.   whether Defendants are liable for all damages claimed hereunder,

            including but not limited to compensatory damages, treble damages,

            interest, costs and disbursements and attorneys' fees; and

    e.   whether Defendants should be enjoined from such violations of the

            Massachusetts Labor Law in the future.

## STATEMENT OF FACTS

27.   Plaintiffs work as an assistant store manager was performed in the normal course of the Defendants' business and was integrated into the business of the Defendants.

28.   The work performed by Plaintiff required little skill and no capital investment, and his primary duty did not include managing either his assigned store or any department or subdivision thereof. In addition, Plaintiff did not customarily and regularly direct the work of two or more other employees, did not have the authority to hire or fire other employees, and his suggestions concerning the recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees are not given particular weight. As such, Plaintiff was not exempt from the overtime pay mandates of the FLSA.

29.     Plaintiff normally worked in excess of forty (40) hours a week, yet, in clear violation of the FLSA, the Defendants willfully failed to pay Plaintiff any compensation for such hours.

30.     Throughout the Collective Action Period, the Defendants have likewise employed assistant store managers like the Plaintiff (the Collective Action Members) in positions that required little skill and no capital investment and their duties and responsibilities did not primarily include managerial responsibilities or the exercise of independent judgment.  Rather, it involved many insignificant duties and duties identical to other non-exempt positions.

31.     Such individuals have worked in excess of forty hours a week yet the Defendants have likewise willfully failed to pay them overtime compensation of one and one- half times their regular hourly rate in violation of the FLSA and Massachusetts Labor Law.  As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

32.     During the course of Plaintiff's own employment, and while Defendants employed Plaintiff and the Collective Action Members, the Defendants failed to maintain accurate and sufficient time records.

33.     Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendants employed Plaintiff and the Collective Action Members/the Class, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA and Massachusetts Labor Law.

## CLAIMS FOR RELIEF

### COUNT I
### VIOLATION OF FAIR LABOR STANDARDS ACT

34.     Plaintiff, on behalf of himself and all Collective Action Members, realleges and incorporates by reference paragraphs 1 through 33 as if they were set forth again herein.

35.     At all relevant times, Defendants have been and continue to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

36.     At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

37.     At all relevant times, Defendants have had annual gross revenues in excess of $500,000.00.

38.     Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

39.     At all relevant times, the Defendants had a policy and practice of refusing to pay any compensation to Plaintiff and the Collective Action Members for hours worked in excess of forty (40) hours during the workweek.

40.     As a result of the Defendants' willful failure to compensate its department and other assistant managers, including Plaintiff and the Collective Action Members for all of the hours worked by them as well as, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendants have violated and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.,* including 29 U.S.C. §§ 207(a)(1) and 215(a).

41.     As a result of the Defendants' failure to record, report, credit and/or compensate Plaintiff and the Collective Action Members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.,* including 29 U.S.C. §§ 211(c) and 215(a).

42.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

43.     Due to the Defendants' FLSA violations, Plaintiff, on behalf of himself and the Collective Action Members, are entitled to recover from the Defendants, their unpaid wages as well as overtime compensation, an additional amount equal as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### COUNT 2
### (VIOLATION OF M.G.L. c. 149 § 148)

44.     Plaintiff, on behalf of himself and the members of the Class, reallege and incorporate by reference paragraphs 1 through 43 as if they were set forth again herein.

45.     Defendants willfully violated Plaintiff's rights and the rights of the Class by failing to pay them for all hours worked in violation of Massachusetts Labor Law, M.G.L. c. 149 § 148.

46.     Defendants' Massachusetts Labor Law violations have caused Plaintiff and the Class irreparable harm for which there is no adequate remedy at law.

47.     Due to Defendants' Massachusetts Labor Law violations, Plaintiff and the Class are entitled to recover from Defendant their unpaid wages for all hours worked,

damages for unreasonably delayed payment of wages, treble damages and reasonable

attorneys' fees and costs and disbursements of the action, pursuant to Massachusetts

Labor Law, M.G.L. c. 149 § 150.

### COUNT 3:
### (VIOLATION OF M.G.L. c. 151 § 1A)

48.     Plaintiff, on behalf of himself and the members of the Class, reallege and

incorporate by reference paragraphs 1 through 47 as if they were set forth again herein.

49.     As non-exempt employees, Plaintiff and the Class are entitled to receive

overtime pay of at least one-and-a-half times the normal rate for all hours worked in

excess of 40 hours per week.

50.     Defendant willfully violated Plaintiffs' rights and the rights of the Class

by failing to pay them overtime for all hours worked in excess of 40 hours per workweek

in violation of Massachusetts Labor Law, M.G.L. c. 151, § 1A.

51.     Defendants' Massachusetts Labor Law violations have caused Plaintiff

and the Class irreparable harm for which there is no adequate remedy at law.

52.     Due to Defendants' Massachusetts Labor Law violations, Plaintiff and the

Class are entitled to recover from Defendants their unpaid overtime wages for all hours

worked beyond 40 in a single workweek, damages for unreasonably delayed payment of

wages, treble damages, and reasonable attorneys' fees and costs and disbursements of the

action, pursuant to Massachusetts Labor Law, M.G.L. c. 151 § 1B.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff on behalf of himself and all other similarly situated Collective Action Members, respectfully requests that this Court grant the following relief:

    a.  Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

    b. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all Collective Action Members, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

    c.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

    d.  An award of unpaid wages as well as overtime compensation due under the FLSA and Massachusetts Labor Law;

    e.  An award of liquidated damages to the Collective Action Members as a result of the Defendants' willful failure to pay for all wages due as well as overtime compensation pursuant to 29 U.S.C. § 216;

    f.  An award payment of all back pay, wages and benefits, incidental and consequential damages to the Collective

Action Members as a result of Defendants' violation of 29 U.S.C.
§ 215(a)(3);

g.   An award of prejudgment and post judgment interest;

h.   An award of costs and expenses of this action
together with reasonable attorneys' and expert fees;

i.   An award of treble damages to the Class for unpaid
wages and other benefits and the costs of the litigation and
reasonable attorneys' fees as required by M.G.L. c. 149, § 150.

j.   Such other and further relief as this Court deems just and
proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands
a trial by jury on all questions of fact raised by this Complaint.

The Plaintiff,
By His Attorneys,


/s/ Marilyn T. McGoldrick
Marilyn T. McGoldrick, BBO #561766
Robert Byrne, BBO #068620
Edwin L. Wallace, BBO #513560
Joseph R. Donohue, BBO #547320
THORNTON & NAUMES LLP
100 Summer Street, 30th Floor
Boston, Massachusetts 02110
Telephone: (800) 431-4600
mmcgoldrick@tenlaw.com
rbyrne@tenlaw.com
ewallace@tenlaw.com
jdonohue@tenlaw.com

Dated:  January 25, 2010